NAVAJO FREIGHT LINES, INC., a New Mexico corporation, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA; Local Union No. 961, an Affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; International Brotherhood of Teamsters Western Master Freight Division; Harry Bath; W. Denver; D. Clifton; Inor Mohn, individually and as representatives and officers of said Unions; John Doe and Richard Roe, whose true names are unknown personally and as Officers, Agents or Members of the aforesaid Association or Union, or any branches or affiliates thereof, Defendants.

Civ. A. No. C–693.

United States District Court
D. Colorado.

Oct. 17, 1968.

Sheldon E. Friedman, Denver, Colo., for plaintiff.

John A. Criswell, Englewood, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

The plaintiff has voluntarily dismissed this action as to all defendants except the Local Union No. 961, Harry Bath, W. Denver (sic Denner) and D. Clifton.

Although the Complaint states two claims for relief, both are asserted pursuant to the provisions of Section 301 of the Labor Management Relations Act (29 U.S.C.A. § 185).

Both claims have as their basis, the alleged violation by the defendant, Local Union No. 961, of a no-strike agreement entered into between the plaintiff and Local 961.

The first claim for relief seeks compensatory damages against all of the defendants and the second claim seeks exemplary damages against all of the defendants, and execution against the body of the individual defendants.

All of the defendants have moved to dismiss the second claim for relief on the grounds that it fails to state a claim against the defendants or any of them.

The Motion to Dismiss is supported by a Memorandum Brief in accordance with Rule 6 of the local rules of this Court. The plaintiff has filed no Brief in opposition to the motion.

The pertinent parts of Section 301 read as follows:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the act of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets."

In their Brief, defendants urge two points: First, that an action pursuant to Section 301 can be maintained only against the union and not against individuals and second, an action pursuant to Section 301 cannot be maintained for punitive damages against either the union or individual union officials.

The first point raised by the defendants is supported by Atkinson v. Sinclair Refining Co., 370 U.S. 238 at page 249, 82 S.Ct. 1318 at page 1325, 8 L.Ed.2d 462 (1962) wherein the Supreme Court

in considering a Complaint against individual employees of a union for the violation of a nonstrike agreement, stated:

> "The national labor policy requires, and we hold that when a union is liable for damages for violation of the no-strike clause, its officers and members are not liable for these damages."

 It is clear from this opinion that individual officers and employees of the union are not liable for *any* damages assessed in an action brought pursuant to Section 301, whether compensatory or punitive, and both the first and second claims of the Complaint should be dismissed as to the individual defendants.

As to the assessment of punitive damages against the union in an action brought pursuant to Section 301, there is a difference of opinion which is best illustrated in the various opinions in Local 127, United Shoe Workers of America v. Brooks Shoe Mfg. Co., 3 Cir., 298 F.2d 277.

In that case, the union brought an action against the employer for an alleged violation of a collective bargaining agreement. All members of the Court agreed that the defendant breached the collective bargaining agreement, were evenly divided on the District Court's award of compensatory damages, and the majority of the Court held that the District Court erred in awarding punitive damages. For the reasons stated in the opinions of Chief Judge Biggs and Judge Kalodner, this Court is of the opinion that punitive damages cannot be awarded in an action brought pursuant to Section 301, whether the action be instituted by an employer against the union or visa-versa. The Motion to Dismiss the second claim should be sustained.

It is therefore ordered that the second statement of claim is dismissed as to all defendants and the first statement of claim is dismissed as to all defendants other than Local Union No. 961.

Since the filing of the Motion to Dismiss, the plaintiff has filed a Motion to Amend the Complaint by adding a third claim for relief. The Court's ruling on the Motion to Dismiss, of course, has no application to the third claim for relief should the Court permit it to be filed.